IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GLORIA A. PACHECO,

        Plaintiff,

                                                      No. CV 07–1230 LCS/RLP

JOHN E. POTTER, Postmaster
General, United States Postal Service,

        Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court *sua sponte* to determine whether dismissal would be appropriate under the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Having considered the record and the applicable law, I recommend the following findings:

**Proposed Findings regarding *Ehrenhaus* Factors**

1.      Plaintiff filed her Complaint on December 6, 2007. (Doc. 1.)

2.      The record reflects that Defendant has not answered. Because of this fact, I entered an Order to Show Cause on May 23, 2008. (Doc. 8.) I ordered Plaintiff to either proceed with litigation or show good cause for failure to prosecute by June 27, 2008 so that she could "avoid dismissal without prejudice . . . ." (*Id.*)

3.      In response, Plaintiff submitted to the Court a proposed order directing service of process pursuant to 28 U.S.C. § 1915(d). (*See* Doc. 9.)

4.      On July 1, 2008, I entered an order explaining that the Court could not grant Plaintiff's request for service of process under 28 U.S.C. § 1915(d) because she was not proceeding in forma pauperis. (*Id.*) I also extended Plaintiff's deadline to effect service or show good cause for failure to prosecute to July 24, 2008. (*Id.*) As of July 28, 2008, Plaintiff has yet

to do either.

5. Plaintiff's 120 day limit for service expired on April 4, 2007. *See* FED. R. CIV. P. 4(m). Plaintiff has not served Defendant or showed good cause for her failure to serve as ordered.

6. According to *Ehrenhaus*, the Court should consider and address all of the following factors on the record before choosing the sanction of dismissal: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; [] (3) the culpability of the litigant[;] (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance[;] and 5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal quotation marks and citations omitted).[1]

7. I note initially that while a *pro se* litigant is entitled to liberal construction of her pleadings, she must nonetheless "follow the same rules of procedure that govern other litigants." *See Okla. Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994) (internal quotation marks and citation omitted). When imposing sanctions against a *pro se* litigant, the court should carefully consider whether some sanction short of dismissal is appropriate "so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *See Ehrenhaus*, 965 F.2d at 920 n.3 (citation omitted). The chosen sanction must be both just and related to the particular claim at issue. *Id.* at 920-21 (citation omitted).

8. I find that Plaintiff's inaction may have prejudiced Defendant, and that it has

---

[1] The dismissal in *Ehrenhaus* was a discovery sanction pursuant to FED. R. CIV. P. 37(b)(2)(C). *Ehrenhaus*, 965 F.2d at 918. In this case, while I recommend dismissal as an appropriate sanction under FED. R. CIV. P. 4(m), it is still proper to make findings using the *Ehrenhaus* factors. *See, e.g.*, *Gripe v. City of Enid,* 312 F.3d 1184, 1188 (10th Cir. 2002) (citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

interfered with the judicial process. *See id.* at 921. Plaintiff's failure to comply with court directives impedes the orderly administration of justice. *See id.*

8. As to Plaintiff's culpability, I find Plaintiff has exhibited a manifest disinterest in litigating her case. *See Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Oklahoma Publishing Co. v. Powell*, No. 78-1856, 1980 WL 6687, at *2 (10th Cir. Mar. 7, 1980). After filing her complaint, Plaintiff has had the opportunity to serve Defendant or to notify the Court of some inability to serve him, in which case the Court could have provided her with an extension for good cause. She has chosen not to do any of these things. Ignorance should not excuse consistent inaction.

10. I have given Plaintiff notice of the possibility that her case would be dismissed without prejudice if she failed to comply with Court orders. (*See* Docs. 8, 9.) In light of Plaintiff's disregard of court orders, rules of civil procedure, and local rules of this Court, I find that lesser sanctions would not be effective, but do not recommend imposing the much harsher sanction of dismissal with prejudice. *See Meade v. Grubbs*, 841 F.2d 1512, 1520-22 (10th Cir. 1988).

## RECOMMENDED DISPOSITION

It is recommended that Plaintiff's complaint be dismissed without prejudice, leaving her free to find counsel and re-file her complaint if she is unable to reach an agreement with Defendant outside of court.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such

proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

　
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**